# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

ZACHARY MARSHALL,         )
                                )
              Petitioner,    )
      v.                          )  Civil Action
                                )  No. 09-3278-CV-S-ODS-H
MARTY C. ANDERSON, Warden,    )
                                )
              Respondent.    )

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

      Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges his conviction. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because this Court lacks jurisdiction of petitioner's claims, it will be recommended that he be denied leave to proceed in forma pauperis.

      As grounds for relief in habeas corpus, petitioner alleges that his constitutional rights were violated in his criminal case because he was mislead to believe that there was a duly empaneled grand jury, and that he was otherwise conspired against by agents of the government.

      The law is clear that a petitioner who seeks to attack the validity of a federal sentence must do so in the sentencing court pursuant to 28 U.S.C. § 2255 unless it appears that the motion is inadequate or ineffective to test the validity of the detention. E.g., Winston v. Mustain, 562 F.2d 565, 566 (8th Cir. 1977). A petitioner has the burden, moreover, of showing that the "inadequate or ineffective" test has been met. Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam).

      Regardless of petitioner's assertions in this case, the action is improperly filed under the

provisions of 28 U.S.C. § 2241. Petitioner has failed to establish that 28 U.S.C. § 2255 is inadequate or ineffective to test the validity of his sentence. The issues he raises are cognizable, if at all, in the sentencing court, and it is clear that this Court lacks jurisdiction of petitioner's claims. It should be noted, additionally, that to the extent, if any, that petitioner is challenging his incarceration at the Medical Center, the issue of his mental health commitment is currently pending in this district. United States v. Marshall, 08-3452-CV-S-RED. Accordingly, it must be recommended that the petition be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis and that the petition herein for writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate

Date: 8/10/09